**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Martel Alvarez Chavez,<br><br>    Defendant. | 92-CR-0113-PHX-RGS<br>96-CIV-2841-PHX-RGS<br><br>**O R D E R** |

On March 18, 1992, Martel Alvarez-Chavez ("Chavez") was indicted on one count of conspiracy to possess with intent to distribute cocaine. (Doc. # 3). Chavez was tried and convicted, and on March 8, 1993, he was sentenced to a term of life imprisonment in the custody of the Bureau of Prisons. (Doc. # 149). Chavez appealed, and the Ninth Circuit Court of Appeals affirmed his conviction. (Doc. # 179).

On December 27, 1996, Chavez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. # 210). The Court denied the motion on December 5, 2001. (Doc. # 279). Chavez filed an appeal (Doc. # 282), and on July 2, 2003, the Court received the mandate from the Ninth Circuit Court of Appeals affirming the decision of the Court. (Doc. # 285).

On August 1, 2003, Chavez filed a "Motion to Dismiss Indictment Due to Vindictive Prosecution Doctrine Due Process Violation Federal Rules of Criminal Procedure Rule 12" (Doc. # 287), which the Court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Since Chavez previously filed, and the Court previously decided,

a motion filed pursuant § 2255, the Court concluded that Chavez's vindictive prosecution argument was cognizable only as a successive § 2255 motion – governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the Court denied the motion without prejudice to allow Chavez to seek leave of the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion.  (Doc. # 289).

Now pending before the Court are Chavez's:  (1) motion for leave to amend original § 2255 motion (Doc. # 292); (2) motion for leave to file supplemental pleadings in support of § 2255 motion (Doc. # 293); (3) motion for leave to amend § 2255 motions (Doc. # 294); and (4) motion to compel the probation office to append the District Court's findings (Doc. # 295).

As this Court has previously stated in this matter, pursuant to the AEDPA, a district court may not consider a second or successive § 2255 motion without authorization from the court of appeals.[1]  See 28 U.S.C. §§ 2244(b)(3)(A), 2255.  Accordingly, Chavez's motions will be denied without prejudice to allow Chavez to seek leave of the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion.

Based on the foregoing,

**IT IS ORDERED** denying motion for leave to amend original § 2255 motion (Doc. # 292); motion for leave to file supplemental pleadings in support of § 2255 motion (Doc. # 293); motion for leave to amend § 2255 motions (Doc. # 294); and motion to compel the probation office to append the District Court's findings (Doc. # 295);

**IT IS FURTHER ORDERED** requiring the Clerk of Court to send Chavez an Application for Leave to File Second or Successive Petition.

**DATED this 14th day of February, 2006.**

Roger G. Strand
Senior United States District Judge

---

[1] The court of appeals may authorize the district court to consider a second or successive motion if the movant shows either (1) newly discovered evidence that would be sufficient to prove clearly and convincingly that no reasonable factfinder would have found the movant guilty of the offense; or (2) the claim relies on a previously unavailable "new rule" of law made retroactive by the Supreme Court. See 28 U.S.C. § 2255.