**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          ) | CR 92-113-PHX-FJM |
|                                     ) | |
| Plaintiff,         ) | **ORDER** |
|                                     ) | |
| vs.                                 ) | |
|                                     ) | |
| Martel Alvarez Chavez,              ) | |
|                                     ) | |
| Defendant.         ) | |
|                                     ) | |

The court has before it Chavez' "Petition for a Writ *Audita Querela"* (doc. 304), the governments "Response", and Chavez' "Reply."

Chavez seeks relief under a writ of *audita querela* from his life sentence. He argues that his sentence was based upon mandatory Guidelines held unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). The United States argues that *Booker* is not retroactive and that there are no extraordinary circumstances in this case within the meaning of *Carrington v. United States,* 503 F.3d 888, 893 (9th Cir. 2007).

It seems plain that under *Carrington,* Chavez is "not entitled to relief on collateral review, however it is labeled." 503 F.3d at 890. This is so because a writ of *audita querela* is not available where a claim would be cognizable in a § 2255 habeas petition. The limits on habeas petitions "do not create a 'gap' in the post-conviction landscape." *Id.* The court also noted that, of course, *Booker* does not apply to cases on collateral review. And while

the court alluded to the possibility that there might be relief available "in a particular case upon a showing of truly extraordinary circumstances and equities." *Id.* at 893, Chavez makes no such case here.

Moreover, and perhaps more importantly, the premise upon which Chavez' petition is based is incorrect. His argument is based upon mandatory Guideline application. But the life sentence in this case was mandatory under 21 U.S.C. § 841 and thus the mandatory statutory sentence replaced the Guideline in his case. The Guidelines, even when mandatory, were always subordinate to the statute.

Accordingly, IT IS ORDERED DENYING Chavez' "Petition for a Writ of *Audita Querela*" (doc. 304).

DATED this 3rd day of September, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge