**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-92-00113-01-PHX-NVW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Martel Alvarez-Chavez, | |
| Defendant. | |

Before the court is Defendant Martel Alvarez-Chavez's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Amendment 782 (Doc. 363).

Amendment 782 revised the Sentencing Guidelines' "Drug Quantity Table . . . and reduced by two levels the offense level applicable to many drug trafficking offenses." *United States v. Cano*, 1:02-cr-5050-AWI-1, 2015 U.S. Dist. LEXIS 57626, at *1 (E.D. Cal. May 1, 2015). The Amendment applies retroactively. *Id.* at *1-2. Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the sentencing court to "reduce the term of imprisonment, after considering the factors set forth in" 18 U.S.C. § 3553(a). But defendants are not eligible for § 3582(c)(2) reductions if they were sentenced pursuant to a statutory mandatory minimum. *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam).

In this case, Chavez was convicted of one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846. (Doc. 363 at 2-3; Doc. 368 at 1.)  At sentencing, the court found that Chavez had two prior felony drug-trafficking convictions in California state courts.  (Doc. 368 at 2.)  The court therefore imposed, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 851, a statutory mandatory minimum penalty of life in prison without release.  (*Id.*)  Because this sentence was imposed pursuant to a statutory mandatory minimum, it is unaffected by subsequent amendments to the Sentencing Guidelines, including Amendment 782.  *Paulk*, 569 F.3d at 1095.

Chavez seeks to avoid this result by citing to *United States v. Miller*, No. 4:89-CR-120(JMR), 2010 WL 3119768 (D. Minn. Aug. 6, 2010), where the court reduced a mandatory life sentence under § 3582(c)(2).  Unlike Chavez, however, the defendant in *Miller* had been sentenced to mandatory life because the sentencing judge found the Guidelines' career offender provision, § 4B1.1, to be applicable.  2010 WL 3119768, at *1-2.  *Miller* is therefore irrelevant to a case like this one, in which the court based its mandatory life sentence entirely on statute.  (*See* Doc. 368 at 3.)

IT IS THEREFORE ORDERED that Defendant Martel Alvarez-Chavez's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Amendment 782 (Doc. 363) is denied.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (Doc. 368) by the Federal Public Defender Relating to Defendant's Pro Se Request for a Sentence Reduction Under 18 USC § 3582(c)(2) (Doc. 375) is denied.

Dated this 9th day of June, 2015.

_____
Neil V. Wake
United States District Judge