**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-92-00113-01-PHX-NVW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Martel Alvarez-Chavez, | |
| Defendant. | |

Before the court is the Government's Motion to Correct Technical Violation of Fed. R. Crim. P. 32(i)(3)(C) (Doc. 365). In July 2014 Defendant Martel Alvarez Chavez moved the court to generate a new presentence investigation report ("PSR"). (Doc. 355.) The original PSR, written in January 1993, reported that Chavez had conspired to distribute twenty kilograms of cocaine. (Doc. 355 at 1; Doc. 365 at 2.) The court concluded at sentencing, however, that Chavez was responsible for only fourteen kilograms. (Doc. 365 at 2.) Despite making an oral finding to that effect, the court never appended a copy of its determination to the PSR, as required by Federal Rule of Criminal Procedure 32. (*See id.*) Chavez's July 2014 Motion requested the creation of a new PSR pursuant to Federal Rule of Criminal Procedure 36, which provides that a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The court denied that motion, and Chavez appealed. (Docs. 358, 361.)

The Court of Appeals on April 14, 2015, granted a remand "for the limited purpose of enabling the district court to consider the issues raised by both parties with respect to [Chavez's] presentence investigation report." (Doc. 364 at 2.) The briefing on remand was not completed until May 22, 2015. (Doc. 377.) Consistent with the Court of Appeals' Order, the Government has requested that rather than generating an entirely new report, the court should attach a transcript from Chavez's sentencing hearing to the PSR and forward both documents to the Bureau of Prisons. (Doc. 365 at 1.) Chavez objects and insists that the court must instead order "an Amended PSR to be prepared and thereafter allow the Parties to accept or object to the PSR." (Doc. 373 at 6.)

The quantity of cocaine for which Chavez is responsible cannot affect the length of his sentence. Given Chavez's prior felony drug-trafficking convictions in state court, his life sentence would be mandatory if the instant offense involved any amount of cocaine equal to or greater than five kilograms. 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii)(II); *see* Doc. 380. Nevertheless, "the presentence report has a substantial effect on the treatment of a prisoner by the Bureau of Prisons." *United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989). Therefore, when a court's oral Rule 32 ruling at sentencing is "reduced to written form in the transcript" but not "attached to the presentence report," the court may properly correct the error under Rule 36 by "forward[ing] a transcript of the sentencing hearing to the Bureau of Prisons to be attached to the presentence report." *Id.* at 732-33. Because this remedy will redress any prejudice Chavez may have suffered from the sentencing court's Rule 32 omission, there is no need to order the preparation of a new or revised PSR, or to conduct a new sentencing hearing. *See United States v. Gutierrez-Hernandez*, 94 F.3d 582, 584 (9th Cir. 1996) ("[A] technical violation of Rule 32 is a ministerial error that does not require resentencing. Technical errors can be corrected by ordering the district court to append to the presentence report the required findings and determinations." (citations omitted)).

IT IS THEREFORE ORDERED that the Government's Motion to Correct Technical Violation of Fed. R. Crim. P. 32(i)(3)(C) (Doc. 365) is granted.

IT IS FURTHER ORDERED that Clerk shall attach a copy of the transcript from Chavez's sentencing hearing (Doc. 365-1 at 2-34) to the original PSR and forward those materials to the attention of Ms. Latease Bailey, CLC Leader, Federal Bureau of Prisons USP Atlanta, 601 McDonough Blvd. S.E., Atlanta, GA 30315.

Dated this 10th day of June, 2015.

_____
Neil V. Wake
United States District Judge

cc: 9th Circuit COA