THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICE AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE **LR CIV 5.4, 7.1(a)(1)**
(Rule Number/Section)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

✓ FILED     ___ LODGED
___ RECEIVED  ___ COPY

**JAN 3 1 2020**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | Criminal Case No.: |
| ) | 2:92-CR-00113-NVW |
| ---vs--- ) | |
| ) | |
| MARTEL ALVAREZ-CHAVEZ, ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

COMES NOW, Martel Alvarez-Chavez, the defendant acting pro se in the above-styled criminal action, and respectfully moves before this Honorable Court pursuant to Title 18 United States Code § 3582(c)(1)(A)(i), as amended by the "First Step Act of 2018" requesting "modification" of term of imprisonment based on "extraordinary and compelling reasons" (compassionate release).

For GOOD CAUSE in this Court granting such extraordinary relief the defendant would show as follows:

### I.    JURISDICTION

This Court has jurisdiction to entertain and rule on defendant's motion under 18 U.S.C. § 3582(c)(1)(A)(2019).  Defendant has properly exhausted all Bureau of Prisons ("BOP") administrative remedies as required by § 3582(c)(1)(A).  See attached Exhibits Attachments "A" through "H".

-1-

## II.   TRUNCATED BACKGROUND/FACTS

After a jury trial this Court sentenced defendant to LIFE in federal prison without parole on March 8, 1993.  Defendant's LIFE sentence was mandated by law in effect at that time under 21 U.S.C. §§ 841(b)(1)(A), 851.

Since being sentenced to LIFE without parole the defendant has filed various appeals and motions all of which have been unsuccessful. Consequently, defendant has been in continued confinement for approximately thirty (30) years.

## III. GROUNDS FOR COMPASSIONATE RELEASE

Section 3582(c)(1)(A) provides that a district court may reduce the sentence of an inmate upon motion of the BOP or the inmate "after considering the factors setforth in [Title 18] section 3553(a) to the extent that they are applicable," if the court finds that:

> (i) extraordinary and compelling reasons warrant such a reduction, or
>
> (ii) not applicable here ...
>
> and that such a reduction is consistent with app-licable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).

The policy statement issued by the United States Sentencing Commission, § 1B1.13 of the U.S. Sentencing Guidelines was last amended in November 2018 before the "First Step Act" was passed. Nevertheless, district courts are applying U.S.S.G. § 1B1.13 and applicable Policy Statement, Comment. (n.1(A)-(D)).  The Policy Statement further notes that "[t]he court is in a unique posit-ion to determine whether circumstances warrant a reduction (and, if so, the amount of reduction)." id. n.4.

The Sentencing Commission's Commentary under U.S.S.G. §
1B1.13 describes certain circumstances under which "extraord-
inary and compelling reasons" for a reduction is sentence are
deemed to exist, but the Commentary does not suggest that list
is exclusive or exhaustive in nature.  Application Note 1(D),
titled "other reasons" is a catch-all provision, noting that the
Director (of BOP) may determine "there exists in the defendant's
case an extraordinary and compelling reason other than, or in
combination with,  the reasons described in subsections (A)-(C)."
§ 1B1.13, App. Note 1(D).

Other courts have concluded that the Commission's failure
to amend Guideline § 1B1.13 and related Commentary following the
First Step Act does not preclude a court from acting on motions
for sentence reductions or using the catch-all provision in App-
lication Note 1(D)("extraordinary and compelling reasons").  See
United States v. Beck, 2019 U.S. Dist. LEXIS 108542 (MDNC 2019);
United States v. Brown, 2019 U.S. Dist. LEXIS 175424 (SD Iowa
2019); United States v. Urkevich, 2019 U.S. Dist. LEXIS 197408
(DC Neb. 2019).

Guideline's Application Note 4 encourages the BOP Dir-
ector to file a motion for reduction of sentence if a defendant
meets any of the circumstances set forth in U.S.S.G. Applicat-
ion Note 1, thereby allowing a district court to consider the
factors under 18 U.S.C. § 3553 as well as criteria in the Comm-
ission's policy statements such as whether a defendant is a
danger to the safety of any other person or to the community,
when determining whether to reduce a term of imprisonment.

A. Extraordinary and Compelling Reasons for Sentence Reduction:

In United States v. Arturo Cantu-Rivera, 2019 U.S. Dist. LEXIS 105271 (SD Texas 6-24-19), the Honorable Sim Lake, U.S. District Court Judge, Southern District of Texas, reduced a defendant's sentence of LIFE without parole based on remarkably similar circumstances as presented by this case.

The defendant in Cantu-Rivera was sentenced to LIFE imprisonment for the very same criminal charges defendant was convicted of: 21 U.S.C. §§ 841(a), 841(b)(1)(A)(possession with intent to distribute in excess of 5 kilograms of cocaine). id. p.1.  And just like defendant in this case, Cantu-Rivera was sentenced to mandatory LIFE imprisonment under 21 U.S.C. §§ 841(b)(1)(A), 851 (prior drug felonies). id. p.1-2.  Also like Cantu-Rivera, the defendant has been incarcerated approximately thirty (30) years. [1] Defendant has a clear disciplinary record despite decades of federal imprisonment in maximum and medium/maximum security BOP facilities.  Although the defendant in this case can not match Cantu-Rivera's "extraordinary degree of rehabilitation", he has--and continues to--participate in institutional programs, religious services, and other rehabilitative programs. [2]

Judge Lake's decision to reduce Cantu-Rivera's LIFE sentence took into consideration the changes in law effected by the First Step Act of 2018.  According to Judge Lake the changes

---

[1]   Defendant has been in BOP custody since March 1993, however he was held in custody over a year previous to being received in BOP custody.  Defendant has been incarcerated 27 yrs., 10 mts.

[2]   Defendant has attached herewith this motion the BOP's most recent Inmate "Progess Report" that reflects defendant's complete history while incarcerated in BOP to include the defendant's institutional record and programing. Attachment "I"

implemented by the First Step Act could be considered as "extraordinary and compelling" factors for compassionate release under § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13.   Judge Lake  found that:

> Finally, the Court recognizes as a factor in this combination the fundamental change to sentencing policy carried out in the First Step Act's elimination of life imprisonment as a mandatory sentence soley by reason of a defendant's prior convictions. § 401(a)(2)(A)(ii), 132 Stat. at 5200 (codified at 21 U.S.C. § 841(b)(1)(A)).   The combination of all of these factors establishes the extraordinary and compelling reasons justifying the reduction in sentence in this case.

Cantu-Rivera, 2019 U.S. Dist. LEXIS at p.2.

Judge Lake is not alone in holding that policy changes effected by the First Step Act of 2018 could be considered as extraordinary and compelling factors for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13. See United States v. Urkevich, 2019 U.S. Dist. LEXIS 197408 (Dist. Neb 11/14/19)(taking into account FSA Section 402 elimination of "stacking" § 924(c) sentences when granting motion to reduce sentence under § 3582(c)(1)(A)(i) extraordinary circumstances.); United States v. Marks, 2019 U.S. Dist. LEXIS 199429 (WDNY 2019) (recognizing that district court assessing motion for compassionate release my consider sentence disparities effected by FSA policy changes).  3/

---

3/   The defendant filed a stand-alone First Step Act motion requesting reduction of sentence based on FSA Section 401(a)(2)(A) with this Court back in May of 2019 (DE#404) which this Court denied June 12, 2019 (DE#416) finding Section 401 not retroactive to defendant's case.  Consideration of Section 401 in context of "extraordinary and compelling" factors under § 3582(c)(1)(A)(i) would be allowed.

Finally, defendant does not present a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Although defendant was convicted of a serious offense, there was not allegations of violence on the part of defendant, nor was there any use of firearms or other dangerous weapons associated with the criminal cahrges. Moreover, defendant has served almost 30 years in prison without any incidents of violence or violent behavior, on the contrary, defendant has acted respectfully and maintained family ties and practiced relatively decent, religious influanced life while in prison.

## CONCLUSION/RELIEF

WHEREFORE, the defendant prays this Honorable Court will grant modification of sentence under § 3582(c)(1)(A) as requested. 4/

Respectfully prayed for this 28th day of JAN. , 2020.

_____
Martel Alvarez-Chavez
Defendant, Pro Se

---

4/   It should be noted that defendant has Immigration detainer and subject to deportation back to Mexico if released from federal prison custody.

-6-

## CERTIFICATE OF SERVICE

I, Martel Alvarez-Chavez, do hereby state under penalty of perjury that I have this same day served and mailed this motion to the Court and U.S. Attorneys Office by U.S. Mail Service with 1st Class prepaid postage affixed and addressed as follows:

U.S. District Court
401 West Washington Street
Office of the Clerk
Phoenix, AZ 85003-2118

Office of U.S. Attorney
District of Arizona
40 North Central AVE.
Phoenix, AZ  85004

DONE this 28th day of JAN., 2020

Martel Alvarez-Chavez
Defendant, Pro SE
Edgefield FCI
P.O. BOx 725
Edgefield, SC  29824

TRULINCS 97465012 - ALVAREZ-CHAVEZ, MARTEL - Unit: EDG-A-A

--------------------------------------------------------------------------------

FROM: Warden
TO: 97465012
SUBJECT: RE:***Inmate to Staff Message***
DATE: 07/02/2019 07:52:02 AM


Your written correspondence addressed to the Warden, via email, has been received.

Please allow the Warden the opportunity to review your concern(s) fully. At the completion of the Warden's review, written correspondence will be generated and mailed back to you.

Additionally, each inmate will utilize either open house hours or an open door policy to address inmate concerns with their Unit Team. Inmates are also encouraged to use Inmate Requests to Staff to make requests in writing. During mainline Monday - Friday, inmates will have the opportunity to speak with the Department Heads to address any concerns.


Office of the Warden

>>> ~^!"ALVAREZ-CHAVEZ, ~^!MARTEL" <97465012@inmatemessage.com> 7/1/2019 6:51 PM >>>
To: Warden
Inmate Work Assignment: Rec

July 1, 2019 Edgfield FCI

Re: Request For Compassionat Release Under First Step Act of 2018

Dear Warden:

   This is a request for Compassionate Release pursuant to Title 18 USC 3582(c)(1)(A) as amended by the First Step Act of December 2018. Pub.L.No.115-393, 603(b), 132 Stat. 5194, 5239; 28 CFR 571.60 et.al.
   I am requesting Compassionate Release under the First Step Act based on extraorinary and compelling reaons that warrant reduction in my sentence. Specfically, I am 62-years-old; have been incarcerated for 29 years; I am not a danger to the safety of any person in the community; my health is deteriating with advanced age; and factors under the USSG justify my release under the First Step Act.
   My place of residence will be with ███████ Chavez (daughter) at ███████████████ Ave., Phoenix, AZ 85041 (Phone 602-321-████). My living expenses and health care will be taken care of by myself and my family.
   Thank you for your time and concern in this matter.



. Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | ALVAREZ-CHAVEZ, Martel | 97465-012 | A-1 | EDG. FCI |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

See attached Warden's Response to I/M request for Compassionate Release.

This is an administrative appeal of the Warden's denial of I/M's request for compassionate release under the First Step Act of December 2018. 28 CFR § 542 (Admin. Remedy Reg.).

    The Warden's denial of I/M's compassionate release request is based on erroneous legal factors. First, the changes effected by the FSA, Pub. L.No.115-391, § 603, 132 Stat., 5194, 5239, changed criteria allowing "extraordinary and compelling reasons" aside from "terminal within 18 months" as stated by Warden. Secondly, the FSA § 603 amended the age requirment from 65 yrs. to 60 yrs. The I/M is within mts of 60 yrs.

    Moreover, under the FSA as amended under Title 18 U.S.C. § 3582(c)(1)(A)(i) the district court can reduce the I/M sentence if the Court determines that "extraordinary and compelling" reasons exist. I/M has such circumstances including the FSA change of law under 21 U.S.C. 851. See US v. Cantu-Rivera, Cr.#H-89-204(SDTX 6/24/19). The BOP should accept Congress' changes to the law and agree to reduce sentences of I/M's like Alvarez-Chavez.

| DATE    July 23, 2019 | /s/ _____ |
|---|---|
| | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

 

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

             LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) | BP-229(13) |
|---|---|---|
| USP LVN | PRINTED ON RECYCLED PAPER | APR|

ATTACHMENT B

RESPONSE TO INMATE REQUEST TO STAFF MEMBER

Martel Alvarez-Chavez
Register Number 97465-012
Unit A-1

This is in response to your Inmate Request to Staff Member dated July 1, 2019, wherein you request the Bureau of Prisons review your records and file a motion to request a Compassionate Release or Reduction in Sentence pursuant to the Bureau of Prison's Program Statement 5050.50, <u>Compassionate Release/Reduction in Sentence</u>.

Your request and records have been reviewed and considered. At this time, your request for consideration cannot be approved due to the following:

  __XX__   While you are being treated for serious medical conditions, your medical condition is not terminal within 18 months, and it does not significantly affect your ability to function in a correctional setting. You do not meet the medical criteria and are not appropriate for RIS consideration at this time.

  __XX__   You do not meet the age requirement of Elderly inmate with medical conditions which is 65 years old. You are currently 59 years old. You must serve at least 50% of your sentence and due to you serving a life sentence percentage of time served is not calculated.

If you are dissatisfied with this response, you may submit an appeal on the appropriate form (BP-9). Your appeal must be received in the office within 20 calendar days from the date of this response.

_____          ___7/9/19_____
Walter Vereen, Acting Warden                    Date

# REQUEST FOR ADMINISTRATIVE REMEDY

Administrative Remedy Number:  985839-F1

Part B-Response

This is in response to your Request for Administrative Remedy, dated July 23, 2019, wherein you are making an appeal for a Compassionate Release.

Your request has been considered and your records have been reviewed.  Records indicate on or about July 1, 2019, you submitted a request for Reduction in Sentence (RIS) based upon extraordinary and compelling reason with one being deteriorating health due to advance age.  Pursuant to the Bureau of Prisons' Program Statement 5050.50, Compassionate Release/Reduction in Sentence, pg. 6 section 4, part B, inmates must be 65 years of age and have served 50% of the term of imprisonment to which they were sentenced, in order to meet the criteria for consideration.  You are currently 59 years old and due to you serving a life sentence percentage of time served is not calculated.

Therefore, based on the above, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may submit an appeal on the appropriate form (BP-10) to the Regional Director's Office, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia, 30331-6226.  Your appeal must be received in their office within 20 calendar days from the date of this response.


J. Hutchinson, Acting Warden                    8/14/19
                                                Date

ATTACHMENT "D"

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ALVAREZ-CHAVEZ, M.    97465-012    A-1    EDG. FCI
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**   See attached BP-8, BP-8 Response, BP-9 and BP-9 Response.

The Warden's response to I/m request for Compassionate/ Modification of Sentence Release under First Step Act of 2018 is erroneous because: (1) the warden has I/m date of birth and age wrong, and (2) the warden misconstrues the Amendments effected by First Step Act of 2018.

According to the I/m's Presentence Report (PSR) the I/m was born in Jalisco, Mexico on October 2, 1957 which makes I/m 61 yrs. old. Moreover, the FSA change eligibility age to 60 yrs. See FSA Sec. 603(a)(5)(A). Finally, I/m has served almost 30 yrs. imprisonment which is considered a "Life" sentence under law. I/m is eligiable for elderly offender program and modification of Sentence. Martel Cruz Chavez

August 21, 2019   DATE                                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

SEP    2019

_____
DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 985839-F1

**Part C—RECEIPT**                                      CASE NUMBER: ____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
USP LVN    DATE            Previous editions not usable              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Attachment E

Regional Administrative Remedy Appeal No. 985839-R1
Part B - Response

This is in response to your Regional Administrative Remedy receipted
September 5, 2019, wherein, you are appealing the Warden's denial of a request to be
reviewed again for a Compassionate Release due to a medical condition and as a
qualifying elderly inmate.   As relief, you are requesting to be granted a Compassionate
Release for inmates with medical condition and as a qualifying elderly inmate.

A review of your allegation determined the Warden's response adequately addressed
the concerns raised in your Institution administrative Remedy.   In accordance with
Program Statement 5050.49, Compassionate Release/Reduction in Sentence:
Procedures for Implementation of 18 U.S.C. §3582(c) (1) (A) and §4205(g), "The
Bureau of Prisons (BOP) should consider a RIS if the inmate is completely disabled,
meaning the inmate cannot carry on any self-care and is totally confined to a bed or
chair more than 50% of waking hours; or capable of only limited self-care and is age 65
and older.   Experiencing deteriorating mental or physical health that substantially
diminishes their ability to function in a correctional facility.   The First Step Act provides
inmates sentenced under the Sentencing Reform Act of 1984 ("new law" inmates) with
the right to bring a motion requesting a reduction in sentence with the relevant
sentencing court, following the earlier of the denial of the request and the exhaustion of
all administrative appeals.   In all cases, Bureau of Prisons (BOP) staff will properly
process properly submitted requests for reductions in sentences, and inmates are
encouraged to work with institution staff regarding the processing of such requests."

According to your record you have a medical care level 2 assignment, which supports
the assessment your condition is considered stable, chronic care.   The Health Services
Department at your facility will continue to monitor your medical condition and they will
ensure that you receive the appropriate medical care in accordance with policy
guidelines and as clinically indicated.

Accordingly, this Regional Administrative Remedy Appeal is for informational purposes
only.   If dissatisfied with this response, you may appeal to the Office of General Counsel,
Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534.   Your appeal must be
received in the Office of General Counsel within 30 calendar days of the date of this
response.

10/22/19
Date

_____
Regional Director, SERO

ATTACHMENT "F"

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Alvarez-Chavez, Martel    97465-012    A-1    EDG FCI

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

See attached I/M Request, Warden's Response, BP-9, BP-9 REsponse, BP-10, and BP-10 respons edated 10/22/19.

The Warden's response to I/M request for compasionate release is based on I/M erroneous age of 59 yrs. While the region's response does not state any specific reason(s) for denying I/M request for ruduction of sentence based on the First Step Act of 2018.  The I/M has articulated "extraordinary and compelling" reasons for modification of sentence as setforth in I/M BP-9 with cited case law.  The First Step Act expanded the basis for compassionat release beyond the "completely disabled" and "terminally ill" criteria used by the BOP before the FSA.  In this case, the I/M has been in prison approx. 30 years, has a prestine disciplinary record all those yrs., the law that mandated I/M life without parole was changed by the FSA under Sec 401 making I/M eligible for a 25 yrs imprisonment instead of Life w/out parole.  The I/M is over 60 yrs. of age.  I/M is eligible for Sec 603(a).  The Congress of United States wants the BOP to start releasing I/M's like Chavez for the reasons stated in FSA. I/M Chavez is entitled to reduction of sentence. November 4, 2019.

DATE Nov. 4, 2019             SIGNATURE OF REQUESTER

**Part B—RESPONSE**

Administrative Remedy Section
Federal Bureau of Prisons

NOV 12 2019

RECEIVED

DATE            GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 985839-A1

**Part C—RECEIPT**

         CASE NUMBER:

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN      Printed on Recycled Paper      BP-231(13) APRIL 1982

ATTACHMENT G

Administrative Remedy No. 985839-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal where you challenge the denial of your request for a
Reduction in Sentence (RIS).  For relief, you request a RIS
under section 603(a) of the First Step Act.

Title 18 of the United States Code, section 3582(c)(1)(A),
allows a sentencing court, on motion of the Director of the BOP,
to reduce a term of imprisonment for extraordinary or compelling
reasons.  BOP Program Statement No. 5050.50, Compassionate
Release/Reduction in Sentence:  Procedures for Implementation of
18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), details these reasons,
which include the inmate's terminal medical condition; his
debilitated medical condition; his status as a "new law" elderly
inmate, an elderly inmate with medical conditions, or an "other
elderly inmate"; the death or incapacitation of the family
member caregiver of his child; or the incapacitation of his
spouse or registered partner.

You are advised that section 603(a) of the FSA pertains to the
Elderly Home Confinement Pilot Program which allows eligible
elderly offenders and eligible terminally ill offenders to
request to a transfer to home confinement until the expiration
of the prison term to which the offender was sentenced.  Should
you wish to seek home confinement under this program, you may
submit a request to institution staff for consideration.
Otherwise, if your request is based solely on the length of your
sentence, you may wish to seek relief through a petition for
commutation of sentence pursuant to Program Statement No.
1330.15, Petition for Commutation of Sentence.

Accordingly, your appeal is denied.


_____12/30/19_____          _____
Date                            Ian Connors, Administrator
                                National Inmate Appeals        R.3

Attachment "H"



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: ALVAREZ-CHAVEZ, MARTEL  97465-012

SEQUENCE: 00155249
Report Date: 01-25-2020

| | |
|---|---|
| Facility: | EDG EDGEFIELD FCI |
| Name: | ALVAREZ-CHAVEZ, MARTEL |
| Register No.: | 97465-012 |
| Quarters: | A01-127L |
| Age: | 60 |
| Date of Birth: | 10-02-1959 |

| | |
|---|---|
| Custody Level: | IN |
| Security Level: | MEDIUM |
| Proj. Rel Date: | UNKNOWN |
| Release Method: | LIFE |
| DNA Status: | ATL04556 / 08-20-2010 |

### Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| 21 USC 841(A)(1) AND 846: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE. | LIFE |

Date Sentence Computation Began:   03-08-1993

Sentencing District:   ARIZONA

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit | - InOp Time |
|---|---|---|---|---|
| 0 / 0 / 0 | 0 | Years: 27 Months: 10 Days: | + 367   JC - 0 | InOp |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| DEPORTATION | null |

### Program Plans

** No notes entered **

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| EDG | AM REC YD1 | AM RECREATION (7:30AM-10:00AM) | 06-03-2016 |

### Work Assignment Summary

** No notes entered **

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| EDG | ESL EXEMPT | ESL NEED-PERMANENTLY EXEMPT | 09-13-2008 |
| EDG | GED XN | EXEMPT GED NON-PROMOTABLE | 09-13-2008 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| EDG | C | RPP1 - AIDS AWARENESS | 11-02-2015 | 11-02-2015 |
| ATL | C | RUN AND JOG YOUR WAY TO FIT | 10-03-2011 | 11-16-2011 |
| ATL | C | RPP5 RELEASE REQUIREMENTS | 08-17-2010 | 08-17-2010 |
| PHX | W | ENGLISH SECOND LANG BASIC/4/PM | 05-03-1993 | 07-31-1995 |
| PHX | W | GENERAL EDUCATION GE8 IN SPAN | 04-07-1993 | 07-31-1995 |
| PHX | C | HEAT AIR COND ADVANCED PHASE | 07-05-1993 | 09-13-1993 |
| PHX | C | HEAT AIR COND INTERMED PHASE | 04-23-1993 | 07-05-1993 |
| PHX DCU | C | HEAT/AIR CONDITIONING BASIC AM | 04-08-1993 | 04-23-1993 |

### Education Information Summary

** No notes entered **

### Discipline Reports

| Hearing Date | Prohibited Acts |
|---|---|
| 04-26-2016 | 112 : USE OF DRUGS/ALCOHOL |
| 03-13-2014 | 305 : POSSESSING UNAUTHORIZED ITEM |







## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: ALVAREZ-CHAVEZ, MARTEL  97465-012

SEQUENCE: 00155249
Report Date: 01-25-2020

| Hearing Date | Prohibited Acts |
|---|---|
| 01-07-2011 | 305 : POSSESSING UNAUTHORIZED ITEM |
| | 326 : POSSESSING GAMBL PARAPHERNALIA |
| 03-20-2009 | 328 : GIVING/ACCEPTNG MONEY W/O AUTH |
| 09-29-2001 | 332 : SMOKING IN UNAUTHORIZED AREA |
| 09-04-2001 | 310 : BEING ABSENT FROM ASSIGNMENT |
| 12-24-1998 | 321 : INTERFERING WITH TAKING COUNT |
| 07-11-1998 | 330 : BEING UNSANITARY OR UNTIDY |
| 11-08-1993 | 307 : REFUSING TO OBEY AN ORDER |
| 10-01-1993 | 310 : BEING ABSENT FROM ASSIGNMENT |

## Discipline Summary

** No notes entered **

## ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|---|---|---|---|---|
| EDG | A-DES | TRANSFER RECEIVED | 10-15-2015 | CURRENT |
| ATL | A-DES | OTHER AUTH ABSENCE RETURN | 07-29-2015 | 10-15-2015 |
| ATL | A-DES | TRANSFER RECEIVED | 08-02-2010 | 07-29-2015 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 02-11-2010 | 08-02-2010 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 01-26-2010 | 02-11-2010 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 08-13-2009 | 01-26-2010 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 03-04-2009 | 08-13-2009 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 02-26-2009 | 03-04-2009 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 10-23-2008 | 02-26-2009 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 09-12-2008 | 10-23-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 08-29-2008 | 09-12-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 08-28-2008 | 08-29-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 08-26-2008 | 08-28-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 08-14-2008 | 08-25-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 08-01-2008 | 08-14-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 05-30-2008 | 08-01-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 05-08-2008 | 05-30-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 04-07-2008 | 05-08-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 03-07-2008 | 04-07-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 01-31-2008 | 03-07-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 01-29-2008 | 01-31-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 12-07-2007 | 01-29-2008 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 11-09-2007 | 12-07-2007 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 10-24-2007 | 11-09-2007 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 10-19-2007 | 10-24-2007 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 09-14-2007 | 10-19-2007 |
| BTF GP | A-DES | OTHER AUTH ABSENCE RETURN | 09-10-2007 | 09-14-2007 |
| BTF GP | A-DES | TRANSFER RECEIVED | 09-06-2007 | 09-10-2007 |
| BUH MS | A-DES | OTHER AUTH ABSENCE RETURN | 08-21-2007 | 09-06-2007 |
| BUH MS | A-DES | TRANSFER RECEIVED | 01-04-2006 | 08-21-2007 |
| ATL DCU | A-DES | OTHER AUTH ABSENCE RETURN | 01-04-2006 | 01-04-2006 |
| PEM | A-DES | OTHER AUTH ABSENCE RETURN | 08-03-2005 | 10-24-2005 |
| PEM | A-DES | OTHER AUTH ABSENCE RETURN | 11-09-2004 | 08-03-2005 |
| PEM | A-DES | TRANSFER RECEIVED | 06-06-2002 | 11-06-2004 |
| PHX IHPR | A-DES | OTHER AUTH ABSENCE RETURN | 07-31-1998 | 05-16-2002 |
| PHX IHPR | A-DES | TRANSFER RECEIVED | 05-23-1996 | 07-31-1998 |
| PHX | A-DES | WRIT RETURN | 10-19-1995 | 05-07-1996 |
| PHX | A-DES | TRANSFER RECEIVED | 03-25-1993 | 10-05-1995 |

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|

## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: ALVAREZ-CHAVEZ, MARTEL   97465-012

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 07-23-2010 |
| CARE2 | STABLE, CHRONIC CARE | 02-12-2010 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| ATH RESTR | NO SPORTS/NO WEIGHT LIFTING | 07-18-2015 |
| LOWER BUNK | LOWER BUNK REQUIRED | 07-10-2019 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 05-30-2011 |
| YES F/S | CLEARED FOR FOOD SERVICE | 07-14-2011 |

### Current PTP Assignments

| Assignment | Description | Start |
|---|---|---|
| NO ASSIGNMENTS | | |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DRG I NONE | NO DRUG INTERVIEW REQUIRED | 03-21-1994 |

### Physical and Mental Health Summary

** No notes entered **

### FRP Details

Most Recent Payment Plan

** NO FRP DETAILS **

**FRP Assignment:**    COMPLT    FINANC RESP-COMPLETED       **Start: 04-01-2011**

Payments past 6 months:    **$0.00**              Obligation Balance: **$0.00**

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $50.00 | $50.00 | IMMEDIATE | EXPIRED |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

### Financial Responsibility Summary

** No notes entered **

### Release Planning

** No notes entered **

### General Comments

** No notes entered **



**Summary Reentry Plan - Progress Report**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: ALVAREZ-CHAVEZ, MARTEL  97465-012

SEQUENCE: 00155249
Report Date: 01-25-2020

Name: ALVAREZ-CHAVEZ, MARTEL
Register Num: 97465-012
Age: 60
Date of Birth: 10-02-1959
DNA Status: ATL04556 / 08-20-2010

_____
Inmate  (ALVAREZ-CHAVEZ, MARTEL, Register Num: 97465-012)

1  25  2020
_____
Date

_____
Chairperson

1/25/2020
_____
Date

_____
Case Manager

1/25/2020
_____
Date

Date: JAN. 28, 2020

Martel Alvarez-Chavez #97465-012
Edgefield FCI
P.O. Box 725
Edgefield, SC  29824

U.S. District Court
District of Arizona
401 W. Washington St.
Phoenix, AZ   85003

    Re: U.S. v. CHAVEZ, Crim#2;92-00113

Dear Honorable Court:

Please find for filing and consideration by the Court my
pro se "Defendant's Motion For Compassionate Release" with
Attachments and "Certificate of Mailing Service" in the
above criminal case.  I have served the U.S. Attorney's
Office with a copy.

Thank you for your time & concern in this matter.

Respectfully,

Martel Alvarez-Chavez

Attachments

cc: US ATTY.
    Retained

Martel Alvarez-Chavez #97465-012
Edgefield Federal Correctional Institution
P.O. Box 725
Edgefield, SC  292824



"Special Mail"

7019 1120 0002 3311 5981

<<97465-012<>
Court Of Clerk
U.S. District Court
401 W. Washington St, Spc-1
Phoenix, AZ 85003
United States











FOREVER USA
PURPLE HEART

U.S. POSTAGE PAID
FCC EDGEFIELD
EDGEFIELD, SC
29824
JAN 26 20
AMOUNT
$0.00
R2305P14973A-06

1000
85003

RECEIVED

JAN 3 1 2020

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA