1   MICHAEL BAILEY
    United States Attorney
2   District of Arizona

3   SETH T. GOERTZ
    Assistant U.S. Attorney
4   Arizona State Bar No. 031645
    Two Renaissance Square
5   40 N. Central Ave., Suite 1800
    Phoenix, Arizona  85004
6   Telephone:  602-514-7500
    Email: seth.goertz@usdoj.gov
7   Attorneys for Plaintiff

8

                    IN THE UNITED STATES DISTRICT COURT
9
                       FOR THE DISTRICT OF ARIZONA
10

11   United States of America,                    CR-92-00113-001-PHX-NVW

12              Plaintiff,
                                         **UNITED STATES' RESPONSE TO**
13        vs.                            **DEFENDANT'S MOTION FOR**
                                         **COMPASSIONATE RELEASE**
14
     Martel Alvarez-Chavez,
15
                Defendant.
16

17   **I.      Introduction**

18          Defendant Martel Alvarez-Chavez's motion for compassionate release is premature

19   because he does not yet meet any of the objective requirements under 18 U.S.C. §

20   3582(c)(1)(A)(i), nor are there any "other" extraordinary or compelling reasons to justify

21   his release.  Mr. Alvarez-Chavez is correct that the First Step Act now allows him to

22   petition the Court directly under 18 U.S.C. § 3582(c)(1)(A), and that he has appropriately

23   done so.  But the basis for his motion—that when combined with his advanced age and

24   length of incarceration, the policy changes enacted by the First Step Act constitute an

25   extraordinary and compelling reason—does not comport with Section 3582(c)(1)(A)'s

26   clear requirements.  Accordingly, the motion should be denied.

27   **II.     Background**

28          Mr. Alvarez-Chavez's procedural background is extensive and has been explained

in full on several prior occasions.  *See* Doc. 325, 363, 404.  In short, nearly thirty years ago, Mr. Alvarez-Chavez was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846.  Because he had two prior felony drug offense convictions, the Court sentenced him to a term of life imprisonment on March 8, 1993.  *See* Doc. 149; Doc. 388 at 2-3.  Since then, Defendant has filed numerous challenges, appeals, and other motions, but none have been successful.  Defendant now moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

**III.**      **There are not yet any extraordinary or compelling reasons to justify Mr. Alvarez-Chavez's release under 18 U.S.C. § 3582(c)(1)(A)(i).**

Mr. Alvarez-Chavez's request for compassionate release is not supported by his age (sixty-two), his length of time in prison (twenty-seven years), or any other First Step Act ("FSA") policy changes.  To be sure, the FSA made it easier for inmates to petition district courts for compassionate release pursuant to 18 U.S.C. § 3582.  Previously, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release, whereas an inmate may now do so after first exhausting his administrative rights with the BOP.  *United States v. Johns*, CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019); *United States v. Bunnell*, CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019).   The government agrees that Mr. Alvarez-Chavez has exhausted his administrative rights.

Thus, the statue permits the Court to modify Mr. Alvarez-Chavez's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C § 3582(c)(1)(A)(i).[1]   These "extraordinary and compelling reasons" are defined by the commentary to U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13, cmt. n. 1; *United States v. Brown*, 411 F. Supp. 3d 446, 448–49 (S.D. Iowa 2019); *United States v. Johns*, CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1 (D. Ariz. June 27, 2019).  That commentary

---

[1]      The Court may also grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii), but Mr. Alvarez-Chavez does not request relief under that sub-section, admitting that it is "not applicable here." Doc. 423 at 2.

currently provides four circumstances in which "extraordinary and compelling reasons" exist: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) "other reasons" as determined by the Director of the Bureau of Prisons.  U.S.S.G. § 1B1.13, n.1.

Because he does not qualify under the medical condition,[2] age,[3] or family circumstances categories,[4] Mr. Alvarez-Chavez relies on the catch-all "other reasons" provision.  That provision, however, is currently left to the BOP Director's sole discretion: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  USSG § 1B1.13 cmt. n. 1.  In this case, the Director has already found that "other reasons" do not exist; thus, Mr. Alvarez-Chavez's motion fails in the first instance.  *See* Doc. 423, Exs. C, D, F.

Nevertheless, because U.S.S.G. § 1B1.13 and its supporting commentary have not been updated since the FSA was enacted, Mr. Alvarez-Chavez argues that the Court is free to find that "other" extraordinary and compelling reasons exist without relying on the Director's determination.  This position is supported by at least a few district courts, but has not been examined by any Arizona or Ninth Circuit cases.  *See Brown*, 411 F. Supp. 3d 446, 449–50 (S.D. Iowa 2019) (Examining the "growing number of district courts" that have concluded that district courts are free to "determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief.") (citing *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019

---

[2]     While Defendant's health is deteriorating due to his advanced age, neither he nor the BOP have claimed that it has "substantially diminishe[d]" his ability to "provide self-care within the environment of a correctional facility," as required by 1B1.13(A)(ii). *See* Doc. 423 at Ex. C.

[3]     Defendant is not "at least 65 years old," and so fails to meet the age requirement.

[4]     Defendant has not based his request for relief on any family-based circumstances.

WL 2716505, at *5 (M.D.N.C. June 28, 2019).

Whatever else may be said about the Court's discretion, the motion fails on the merits. Beyond his advancing age and the length of time he has spent in prison—which is no different than any other similarly situated defendant—Mr. Alvarez-Chavez points only to the FSA's broader policy implications as an "extraordinary and compelling reason." Doc. 423 at 3-4. And while the intent of the FSA was to "increas[e] the use and transparency of compassionate release," it does not support plenary resentencing for every elderly inmate who was sentenced to a term of life imprisonment. *Compare* Pub. L. No. 115-391, 132 Stat. 5194, at *5239; *with United States v. Askins*, CR0200645001PHXSRB, 2019 WL 3800227, at *6 (D. Ariz. Aug. 6, 2019) ("The First Step Act includes no express provision for plenary resentencing.").

Even in *Cantu-Rivera*, where the court recognized that the FSA's policy changes were "a factor" among several others, the defendant also met several U.S.S.G § 1B1.13 factors. Unlike Mr. Alvarez-Chavez, the defendant "met the age-related definition of extraordinary and compelling reasons" because he was "69 years old, [was] experiencing serious deterioration in physical health . . . and he ha[d] served 30 years in prison." *United States v. Cantu-Rivera*, CR H-89-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019). Beyond his age, the defendant also met the "other reasons" category because of his "extraordinary degree of rehabilitation," which included "over 4,000 hours of teaching while in federal prison to complete a Teaching Aide apprenticeship with the Department of Labor." *Id.* He also served as a "teaching assistant in several prison facilities for high-school equivalency and English-as-a-Second-Language programs," as well as "helping to care for inmates placed in solitary confinement due to suicide attempts." *Id.*

Mr. Alvarez-Chavez is certainly to be commended for his record of good behavior, but as he admits, it does not rise to the level of *Cantu-Rivera*—and even if it did, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . ." U.S.S.G. § 1B1.13 cmt. n.3. Without more, Mr. Alvarez-Chavez simply fails to demonstrate the existence of any extraordinary or compelling reasons that would justify

his release.[5]   Accordingly, his motion for compassionate release should be denied.

Respectfully submitted this 13th day of February, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Seth T. Goertz*
SETH T. GOERTZ
Assistant U.S. Attorney

---

[5]      It is certainly possible that at some point in the future Mr. Alvarez-Chavez will be able to demonstrate that an extraordinary and compelling reason exists—such as after he turns 65 and if his health continues to deteriorate—but that time is not now.

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on February 13, 2020, I electronically transmitted the attached

3  document to the Clerk's Office using the CM/ECF System for filing and mailed a copy to

4  the Defendant (pro per) at the following address:

5
   Martel Alvarez-Chavez
6  FCI Edgefield
   P.O. Box 725
7  Edgefield, SC 29824

8

9  By *s/A. Clifton*
   U.S. Attorney's Office
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28